**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 10-71273-JAD |
| | : | |
| MICHELE G. BURGESON, | : | Chapter 7 |
| | : | |
| Debtor. | : | |
| ───────────────────────────X | | |
| | : | |
| JAMES R. WALSH, ESQUIRE, | : | Doc. # 55 |
| TRUSTEE OF THE BANKRUPTCY | : | |
| ESTATE OF MICHELE G. | : | |
| BURGESON, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHELE G. BURGESON, | : | |
| | : | |
| Respondent. | : | |
| ───────────────────────────X | | |

**MEMORANDUM OPINION**

The matter before the Court is an objection to exemptions (the "Objection") filed by James R. Walsh, Esquire, trustee (the "Trustee"), challenging the exemptions claimed by the debtor, Michele G. Burgeson (the "Debtor"). The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1334(b).

Through the Objection, filed pursuant to 11 U.S.C. § 522(l), the Trustee requests that this Court disallow the Debtor's exemption relating to any and all interest in her ex-husband's ERISA-qualified pension (the "Pension") and decree that the Debtor's interest in the Pension is property of the bankruptcy estate. The Trustee argues that the Debtor's interest in the Pension cannot be

exempted under 11 U.S.C. § 522(d)(10)(E) because the Debtor had no interest in the Pension at the time she filed her bankruptcy petition, but instead possessed an interest in a claim for equitable distribution. As such, the Trustee argues that the debtor's exemption in the equitable distribution claim should be limited to $10,325 under 11 U.S.C. § 522(d)(5). For the reasons set forth more fully below, the Trustee's objection is sustained.

**I.**

The Debtor commenced the instant case by filing a voluntary petition (the "Petition") for relief under Chapter 7 of the U.S. Bankruptcy Code on October 27, 2010 (the "Petition Date"). Prior to filing her Petition, the Debtor filed a complaint in divorce (the "Divorce Complaint") in the Court of Common Pleas of Jefferson County, Pennsylvania, against her now ex-husband, Mr. Martin L. Burgeson (the "Ex-Husband"), found at Docket Number 11033-2009. (See Doc. # 68, ¶ 10). The Debtor and her Ex-Husband were married in the Commonwealth of Pennsylvania on May 30, 1992, and the Divorce Complaint was filed on September 25, 2009. (See id. at ¶¶ 5, 10). In Count II of the Divorce Complaint, the Debtor requested equitable distribution of all marital property. (See id. at ¶ 11). The only assets of the marriage were the Debtor's pension, the Ex-Husband's Pension, and a John Deere lawn mower. (See Doc. # 70, pp. 3-4).

At issue here is the Debtor's interest in the Ex-Husband's Pension, which constitutes a benefit plan under the Employee Retirement Income Security Act ("ERISA"), codified at 29 U.S.C. § 1001. On the Petition Date, the Ex-Husband

{00010909.DOCX}

was employed by Windstream Communications, Inc., and was a participant in the Windstream Communications, Inc. ERISA-qualified Pension. (See Doc. # 68, ¶ 7). Throughout the marriage, the Ex-Husband was the sole named participant in the Pension. (See id. at ¶ 9). At no time was the Debtor employed by Windstream Communications, Inc. or a participant in the Pension. (See id. at ¶ 8).

As of the Petition Date, the Debtor's claim for equitable distribution had not yet been adjudicated and no divorce decree had yet been entered. The Debtor disclosed an interest in "[u]nliquidated claims related to divorce action" in her original Schedule B, an interest which the parties "agree relate[s] . . . and refer[s] to the Debtor's claim for [e]quitable [d]istribution." (Id. at ¶ 13). The Debtor claimed an exemption in said interest pursuant to 11 U.S.C. § 522(d)(5) and valued the exemption at "[u]nknown." (Id. at ¶ 14).

On December 15, 2010, the Trustee filed his original objection to the Debtor's exemption in the unliquidated claim related to the divorce action. (See Doc. # 17). A hearing was held on January 27, 2011, and the Court entered an order sustaining the original objection and limiting the Debtor's exemption under § 522(d)(5) to $10,325. (See Doc. # 30). After the Debtor attempted to amend her Schedules B and C, the Trustee and the Debtor filed a stipulation with the Court, through which the parties agreed that the amendments to Schedule C would be withdrawn without prejudice to the Debtor filing amended exemptions once the equitable distribution claim was determined. (See Doc. #

35). The stipulation was approved by order dated February 28, 2011. (See Doc. # 36).

On September 18, 2012, the Divorce Master issued a Report and Recommendation as the parties could not amicably resolve the equitable distribution claim. (See Doc. # 68, ¶ 19). The Report and Recommendation provided that the Debtor was to be awarded one half of the value of her Ex-Husband's Pension from the period of May 30, 1992 to August 15, 2009, and such sums were to be transferred to the Debtor through a Qualified Domestic Relations Order ("QDRO"). (See Doc. # 70, p. 4). No actual value was placed on the Pension or the share awarded to the Debtor. (See Doc. # 68, ¶ 20). The Report and Recommendation was approved by order dated October 12, 2012 granting the Debtor fifty percent of the marital portion of the Pension. (See id. at ¶ 21). No objections were filed to the state court order which became final and non-appealable. (See Doc. # 70, p. 4).

The Debtor then filed amended Schedule B and C (the "Amended Schedules") on February 5, 2013. (See Doc. # 53). In the Amended Schedules, the Debtor removed the asset and claimed exemption in the "[u]nliquidated claims related to divorce action," disclosed an interest in the ERISA-approved Pension "for informational purposes only," and claimed an exemption in the Pension pursuant to 11 U.S.C. § 522(d)(10)(E). (Doc. # 53). The Trustee filed an objection to the amended exemptions on March 8, 2013. (See Doc. # 55). A hearing on the matter was held on April 11, 2013, and the Trustee and the Debtor filed briefs on June 17, 2013 and August 1, 2013, respectively. (See

{00010909.DOCX}
-4-

Doc. ## 69, 70). Pursuant to an order of Court dated August 20, 2013, the Trustee and the Debtor re-briefed the issue to specifically address whether the Debtor owned a legal or equitable property interest in the Pension as of the Petition Date, filing supplemental briefs on September 20, 2013 and September 22, 2013. (See Doc. ## 72, 74, 75). The matter is now ripe for decision.

**II.**

The issues before the Court are: (a) whether the Debtor's interest in her Ex-Husband's Pension was property of her bankruptcy estate as of the Petition Date, and (b) if so, whether such interest can be exempted under the Bankruptcy Code. The Court addresses each issue in turn.

**A.**

The Debtor argues that the holding in Patterson v. Shumate, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d. 519 (1992) supports the argument that her interest in the Pension should be excluded from her bankruptcy estate. For the reasons set forth below, the Court finds the Debtor's argument unpersuasive.

Pursuant to 11 U.S.C. § 541(c)(2), property that is subject to restrictions on transfer by "applicable nonbankruptcy law" is excluded from property of the bankruptcy estate. 11 U.S.C. § 541. In Patterson, the Supreme Court held that debtors are entitled to exclude interests in ERISA-qualified pensions pursuant to 11 U.S.C. § 541(c)(2), due to ERISA's transfer restriction provisions included in 29 U.S.C. § 1056(d)(1). Patterson, 504 U.S. at 759 ("The antialienation provision required for ERISA qualification . . . constitutes an

enforceable transfer restriction for purposes of § 541(c)(2)'s exclusion of property from the bankruptcy estate.").

The case at issue is distinguishable from Patterson, where the Supreme Court found the Debtor's interest in his own pension could be excluded from his bankruptcy estate; here, the Debtor herself was not a participant or beneficiary in the Pension at issue. ERISA defines "participant" as the following:

> any employee or former employee or an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

11 U.S.C. § 1002(7). It is undisputed that the Ex-Husband was the sole participant in the Windstream Communications, Inc. Pension, that the Debtor was never employed by Windstream Communications, Inc., and that the Debtor was never a participant in the Pension. (See Doc. # 68, ¶¶ 8, 9).

Nor was the Debtor ever a beneficiary of the Pension. "Beneficiary" is defined by ERISA as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). Pursuant to this language, "[a] beneficiary must prove . . . a 'designation' by the participant or the terms of the plan." Cobb v. Central States, 461 F.3d 632, 636 (5th Cir. 2006). The Debtor has not proven or alleged that either her Ex-Husband or the Pension term's designate her as a beneficiary. Under ERISA's plain language, the Debtor was not a

Pension participant or beneficiary. Nor has the Debtor demonstrated that, as of the petition Date, the Debtor was "eligible to receive any such benefit" under the Pension. As such, the Debtor's reliance upon ERISA and Patterson v. Shumate is misplaced.

Further, while many courts have extended the reasoning in Patterson to also exclude a debtor's interest in an ex-spouse's ERISA-qualified pension plan, such courts have only excluded such an interest where the debtor obtained a QDRO or divorce decree delineating the debtor's ownership interest in the pension plan prior to the debtor's filing for bankruptcy. See, e.g., In re Wilson, 158 B.R. 709 (Bankr. S.D. Ohio 1993); In re Debolt, 177 B.R. 31, 36 (Bankr. W.D. Pa.1994); In re Brown, 168 B.R. 331, 334–335 (Bankr. N.D.Ill.1994); Brown v. Pitzer (In re Brown), 249 B.R. 303, 308–310 (S.D. Ind. 2000).

In Boggs v. Boggs, 520 U.S. 833, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997), the Supreme Court, noting that the "axis around which ERISA's protections revolve is the concepts of participant and beneficiary," stated that "[i]n creating the QDRO mechanism Congress was careful to provide that the alternate payee, the 'spouse, former spouse, child, or other dependent of a participant,' is to be considered a plan beneficiary." Boggs, 520 U.S. at 846–47, 854. In In re Nelson, 322 F.3d 541 (8th Cir. 2003), the court stated that Congress intended that:

> all persons conferred beneficiary status via a QDRO be given the same protections ERISA affords to plan participants. Those protections include ERISA's anti-alienation provisions. Therefore, a person who acquires an interest in an ERISA plan via a QDRO can

> exclude that interest from a bankruptcy estate in the same way that the plan participant herself could have excluded it.

Nelson, 322 F.3d at 545.  Both Boggs and Nelson clearly indicate that a spouse can be conferred beneficiary status, but only via a QDRO entered prior to the petition date.  See also In re Lalchandani, 279 B.R. 880 (1st Cir. BAP 2002); In re Hthiy, 283 B.R. 447 (Bankr. E.D. Mich. 2002).  The QRDO provides the basis for a spouse to assert an entitlement to a benefit under an ERISA-qualified pension.  Otherwise, "ERISA does not confer beneficiary status on nonparticipants by reason of their marital or dependent status."  Boggs, 520 U.S. at 847.

In the instant case, the Debtor filed her bankruptcy petition before obtaining a QDRO or divorce decree.  Although she subsequently has obtained a QDRO, property of a bankruptcy estate is determined as of the date the bankruptcy petition is filed.  11 U.S.C. §§ 522, 541(a)(1).  Because no QDRO existed as of the Petition Date, and the Debtor was not a participant nor named as a beneficiary of the Pension, the Debtor had no beneficiary interest in the Pension as of the Petition Date; rather, at the time of filing the bankruptcy petition, the Debtor had an interest in a claim for equitable distribution.  Thus, the Court finds that the Debtor's interest in the Pension cannot be excluded from the estate pursuant to ERISA's anti-alienation provisions.

Despite case law requiring a QDRO for a debtor to exclude an interest in an ex-spouse's pension, the Debtor argues that she had an interest in the pension through other ERISA provisions, arguing that "[e]very aspect of ERISA

{00010909.DOCX}
-8-

is meant to bestow protection and a stream of income upon a spouse." (Doc. # 75, p. 4). In support of this contention, the Debtor cites ERISA's joint and survivor annuity provisions of section 1055 and civil action remedy provisions of section 1132 as evidence. (See id.) Not only are these provisions inapplicable to the instant case, as the Debtor is not a survivor beneficiary nor a civil complainant under section 1132, but the Superior Court of Pennsylvania has recognized that "[a]part from the survivor benefit . . . , ERISA does not mandate that other benefits be provided to a participant's spouse. . . . ERISA creates no substantive rights in the case of divorce, but only accommodates, by the provisions governing QDRO's, rights created by state matrimonial law." Holz v. Holz, 850 A.2d 751, 762 n.5 (Pa. Super. 2004), appeal denied, 582 Pa. 700, 871 A.2d 192 (2005), (citing Edmonds v. Edmonds, 184 Misc.2d 928, 931, 710 N.Y.S.2d 765, 769 (N.Y. Sup. Ct. 2000)). As such, the Debtor has failed to convince the Court that ERISA provides her with any interest in her Ex-Husband's Pension absent a pre-bankruptcy QDRO.

Furthermore, under Pennsylvania state law, the Debtor's interest in the equitable distribution claim must be included in the estate. "State law determines the nature of property rights when considering whether something constitutes bankruptcy estate property under § 541(a)." In re Radinick, 419 B.R. 291, 294 (Bankr. W.D. Pa. 2009), (citing In re Frederes, 141 B.R. 289, 291 (Bankr. W.D.N.Y. 2009)); see also Butner v. United States, 440 U.S. 48, 55, 99 S.Ct. 914, 918 (1979). In Pennsylvania, "a marital interest in property (i.e., a right to equitable distribution) vests immediately upon the initiation of a

divorce action coupled with the request for equitable distribution of marital assets." In re Radinick, 419 B.R. 291, 295 (Bankr. W.D. Pa. 2009) (citing In re Bennett, 175 B.R. 181, 185 & 186 nn. 5, 6 (Bankr. E.D. Pa. 1994); In re Polliard, 152 B.R. 51, 53 (Bankr. W.D. Pa. 1993)). Such marital interest constitutes a property interest in marital assets. Radinick, 419 B.R. at 295 (citing Bennett, 175 B.R. at 184; In re Scholl, 234 B.R. 636, 641 (Bankr. E.D. Pa. 1999)). Thus:

> if a debtor, prior to filing a bankruptcy petition, files for divorce in Pennsylvania and also requests equitable distribution, such debtor will, as of the date of such bankruptcy petition filing, possess a marital interest in property, which marital interest (a) itself constitutes a legal and/or equitable interest of the debtor in property as of the commencement of the case, regardless of when such debtor becomes divorced, . . . and (b) will thus constitute bankruptcy estate property regardless of when such debtor becomes divorced.

Radinick, 419 B.R. at 295 (citing Bennett, 175 B.R. at 182, 184; Scholl, 234 B.R. at 638, 641; 11 U.S.C.A. § 541(a)(1)).

Under Pennsylvania law, the Debtor had a right to equitable distribution at the time she filed the Divorce Complaint and as of the Petition Date; as such, said interest is hereby deemed to be property of her bankruptcy estate.

**B.**

Having determined that the Debtor's right to equitable distribution constitutes bankruptcy estate property, the Court turns next to the issue of whether such an interest may be exempted from the estate.

The Court first acknowledges that one of the fundamental goals of bankruptcy relief is to afford a "fresh start" to honest, but unfortunate, debtors, and that such a policy is implemented in large part by honest debtors receiving a discharge of certain pre-petition indebtedness and retaining certain assets as "exempt" from the bankruptcy liquidation process. As such, it is "axiomatic that bankruptcy exemptions . . . be liberally construed in favor of debtors." In re Claude, 206 B.R. 374, 377 (Bankr. W.D. Pa. 1997). Given the public policy behind exemptions, it follows that the Bankruptcy Rules provide that "the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c). With respect to exemption litigation, the burden of production is a shifting one when there is an objection to a claimed exemption. In re Hendrickson, 274 B.R. 138, 149 (Bankr. W.D. Pa. 2002). Thus, the objecting party bears both the initial burden of production and the ultimate burden of persuasion in any controversy regarding the legitimacy of claimed exemptions. In re Carter, 182 F.3d 1027, 1029-30 n. 3 (9th Cir. 1999).

The Debtor argues that she had an interest in the Pension under state law, and such interest should be exempted from her estate pursuant to 11 U.S.C. § 522(b)(4)(A). The Trustee avers that because the Debtor had only a right to equitable distribution as of the Petition Date, any exemption in the Pension ultimately awarded to the Debtor in connection with the equitable distribution claim should be limited under 11 U.S.C. § 522(d)(5).

As set forth above, the Debtor's filing of his section 522(b)(4)(A) exemption gives rise to a presumption of the claimed exemption's *prima facie* validity. However, the Court finds that the Trustee met his burden in overcoming the presumptive validity of the Debtor's claimed exemption by successfully arguing that the Debtor had only a claim for equitable distribution as of the Petition Date, and not an interest in a retirement fund for purposes of section 522(b)(4)(A).

Under section 522(b)(4)(A), retirement funds are exempted from the bankruptcy estate if they "received a favorable determination under section 7805 of the Internal Revenue Code of 1986, and that determination is in effect as of the date of the filing of the petition in a case under this title." 11 U.S.C. § 522. The Debtor asserts the applicability of this section pursuant to Pennsylvania law, specifically pointing to 23 Pa.C.S. § 3501, which provides that "marital property" includes "all property acquired by either party during the marriage." 23 Pa.C.S. § 3501.

However, as noted *supra,* "in Pennsylvania a marital interest in property (i.e., a right to equitable distribution) vests immediately upon the initiation of a divorce action coupled with the request for equitable distribution of marital assets." Radinick, 419 B.R. at 295 (citing Bennett, 175 B.R. at 185, 186 nn. 5, 6; Polliard, 152 B.R. at 53). The interest that vested in the Debtor upon the filing of the Divorce Complaint was a right to equitable distribution. Such a right did not automatically confer upon the Debtor any beneficiary status. Because ERISA has anti-alienation provisions, and because ex-spouse's do not

{00010909.DOCX}
-12-

have rights unless and until a QDRO provides them with such, even though Debtor had a right to equitable distribution as of the Petition Date, she could not be a beneficiary of the Pension until a QDRO was entered, which was after the Petition Date.

The Court therefore finds that the Debtor cannot exempt her interest in her right to claim an equitable distribution of the marital assets pursuant to 11 U.S.C. § 522(b)(4)(A). The Court agrees with the Trustee that the equitable distribution claim can be exempted instead under 11 U.S.C. § 522(d)(5). Pursuant to the order entered on January 17, 2011, the Debtor's exemption under § 522(d)(5) is limited to $10,325. (See Doc. # 31).

### III.

In conclusion, the Court finds that as of the Petition Date, the Debtor had a right to equitable distribution pursuant to Pennsylvania law. Because no QDRO was awarded as of the Petition Date, the Debtor is unable to exempt the interest from her bankruptcy estate. Because her interest qualifies as a claim for equitable distribution, the Debtor's exemption in the asset is limited to $10,325 under 11 U.S.C. § 522(d)(5). The Trustee's objection is sustained. An appropriate order will be entered.

Date: January 16, 2014      /s/ Jeffery A. Deller
               **JEFFERY A. DELLER**
               United States Chief Bankruptcy Judge

{00010909.DOCX}

**CASE ADMINISTRATOR TO MAIL TO:**
    Michele G. Burgeson
    David J. Hopkins, Esq.
    James R. Walsh, Esq.
    Kevin J. Petak, Esq.
    Office of the United States Trustee

{00010909.DOCX}